IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Mallissa McPherson | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 50010 |
| | ) | |
| vs. | ) | |
| | ) | |
| Rockford Public Schools, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons stated below, this case is dismissed with prejudice for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's application to proceed in forma pauperis [2] is denied as moot. All pending motions and deadlines are moot and all previously scheduled hearings are cancelled. This case is terminated.

**STATEMENT-OPINION**

On January 26, 2016, the court struck plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8(a)(2) and ordered [4] her to file an amended complaint in compliance with that rule on or before February 23, 2016 or the case would be dismissed for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

On February 23, 2016, plaintiff filed an amended complaint [5]. She also filed another amended complaint on March 1, 2016 [6], a document titled "Settlement and Confidentiality Release Agreement on March 28, 2016 [7], a document called "Civil Cover Sheet-As Amended" on April 5, 2016 [8], and a document titled "Exhibit A and B" on April 8, 2016 [9].

The February 23, 2016 amended complaint is actually two fill-out form complaints filed together. The first names as defendants "17th Judicial Circuit Clerk", Sgt. Anthony Spencer, HCR Manor Care, Swedish American, and ArchDiocese of Rockford. Under the portion of this amended complaint headed "Statement of Claim" plaintiff states: "that the statement of all claims alleged in any and all cases; civil and federal as filed pro se; in Winnebago County, IL are in fact true to the best of my knowledge." The second, on the line provided for identifying the defendant states: "17th Judicial Circuit Clerk; US Army Reserve". On the lines provided to "Describe what happened that you believe supports your claims" the following is written: "Over the course of (6) six years, Mallissa McPherson has applied and worked as a federal official in the 17th District of Winnebago County after applying @ US Army Reserve Post Winnebago County; pursuing a federal judge, US Ambassador Status to no reply." In another portion of the second form complaint the complaint states: On or about 5-15-2010 at approximately 900am plaintiff was present in the municipality (or unincorporated area) of US Army Reserve Post (E. State St Rockford IL) in the County of Winnebago State of Illinois at 6280 East State Street

when defendant violated plaintiff's civil rights as follows:" A box is checked in front of a printed line that says "failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants." A box is also checked in front of a printed line that says "failed to provide plaintiff with needed medical care." There is also a handwritten entry on a line provided in this section of the form. The handwritten entry says "defendant has rejected numerous applications made by plaintiff for judicial staff and reservist due to physical disability a: mental health issues."

These allegations are insufficient to state a claim. Making reference to unidentified cases pending elsewhere does not "state a claim that is plausible on its face." Roberts v. City of Chicago, No. 15-1963, 2016 WL 1257821, * 2 (7th Cir. Mar. 31, 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotation marks and citation omitted.) Plaintiff has pled no facts in the first form complaint from which an inference of wrongdoing can be drawn. Likewise, the second form complaint does not state a claim. The only date it identifies on which her claim allegedly arose is May 15, 2010, which is outside the statute of limitations. Further, all of the allegations are too vague for a defendant to figure out how to respond to them.

The March 1, 2016 amended complaint lists 35 entities as defendants. It states "the defendant is indebted to the plaintiff in the sum of $600,000,000.00 for deemed legal rights outlined in Title 7 of the Civil Rights Act of 1964; Discriminatory practices as defined and outlined by the Americans with Disabilities Act; restatement of torts as outlined in Illinois General Assembly Rule subsection 4.1; Intentional infliction of emotional distress and defamation of character as outlined in Illinois General Assembly Rule Subsection 3.12 and Conspiracy as outline in Illinois General Assembly Rules subsection 6.5." These are the same allegations (except that plaintiff is now asking for more money and is suing many more defendants) as the court struck in its prior order [4].

Plaintiff was advised that if she did not file an amended complaint that comported with Fed. R. Civ. P. 8(a)(2) that her case would be dismissed for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has been given an opportunity to amend her complaint and has failed to file a proper complaint. The complaint does not state a claim and borders on being incomprehensible.

For the foregoing reasons, this case is dismissed with prejudice for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's application to proceed in forma pauperis [2] is denied as moot. All pending motions and deadlines are moot and all previously scheduled hearings are cancelled. This case is terminated.

Date: 4/13/2016					ENTER:

						_____
						United States District court Judge

							Notices mailed by Judicial Staff. (LC)